| | |
|---|---|
| 1 | Hayes Michel (State Bar No. 141841) |
| 2 | Walsworth, Franklin, Bevins & McCall |
|   | 633 West 5th Street, Suite 2800 |
| 3 | Los Angeles, California 90071 |
| 4 | Telephone: 213-223-2052 |
|   | Email: hmichel@wfbm.com |
| 5 | |
| 6 | Attorneys for Plaintiff |
|   | **Somaya Reece** |
| 7 | |
| 8 | Gary Jay Kaufman, Esq.   State Bar No. 92759 |
|   | Dana Milmeister, Esq.    State Bar No. 167307 |
| 9 | THE KAUFMAN LAW GROUP |
| 10 | 1925 Century Park East, Suite 2350 |
|    | Los Angeles, California 90067 |
| 11 | |
| 12 | Telephone: (310) 286-2202 |
|    | Facsimile: (310) 712-0023 |
| 13 | Email:   gary@garyjkaufmanlaw.com |
| 14 | |
|    | Attorneys for Defendant |
| 15 | Cyberflow Solutions, Inc. |

FILED
CLERK, U.S. DISTRICT COURT
NOV - 4 2008
CENTRAL DISTRICT OF CALIFORNIA

**NOTE CHANGES MADE BY THE COURT**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SOMAYA REECE, an individual, | ) | Case No. CV08-01272 SVW(JWJx) |
| | ) | |
| Plaintiff, | ) | [~~PROPOSED~~] PROTECTIVE ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| CYBERFLOW SOLUTIONS, INC., a | ) | |
| California corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

The Court, having considered the parties' stipulation to a protective order, hereby orders as follows:

DESIGNATION OF CONFIDENTIALITY:

1. Any information, thing or document (or any portion thereof) subject to discovery or otherwise provided in the course of this action (an "Item") may be designated "CONFIDENTIAL" by the party furnishing the Item (the "Designating Party") or as provided in paragraph 2. The treatment of items so designated ("Confidential Material") shall be governed by the terms of this Stipulation and Order.

PRODUCTION BY THIRD PARTIES

2. Any Item produced by a person or entity not a party to this case (a "Third-Party Item") shall be deemed "CONFIDENTIAL" for a period of twenty-one days from the date of production, unless otherwise agreed to in writing by the parties. A Third-Party Item may be designated as Confidential Material by the third-party producing the item and/or a party to this action within twenty-one days of the date of production, or later as the parties may agree in writing. Any Third-Party Item designated as Confidential Material shall be so marked by all parties in possession of the Third-Party Item, and shall be subject to the terms and conditions of this Stipulation and Order. If a Third-Party Item has not been designated as Confidential Material within twenty-one days from the date of production, the Third-Party Item will no longer be deemed Confidential Material, nor treated as such.

METHODS OF DESIGNATION

3. Confidential Material shall be designated and marked in the following manners:

    a. <u>Documents</u>: The Designating Party may designate documents as Confidential Material by producing or serving copies of the document marked with a legend reading "CONFIDENTIAL" or other appropriate

notice to similar effect. Such legend shall be placed upon the first page of each document so designated.

    b. <u>Magnetic Media Documents</u>: Where a document is produced in a magnetic medium (such as compact disc, dvd, floppy diskette or tape), the cartridge, reel, or medium container shall be marked as set forth above.

    c. <u>Physical Exhibits</u>: Physical exhibits shall be marked by placing a label on the exhibit marked as set forth above.

    d. <u>Deposition Testimony</u>: All deposition testimony shall be deemed CONFIDENTIAL and treated as Confidential Material.

## DISCLOSURE OF CONFIDENTIAL MATERIAL

4. Confidential Material designated as "CONFIDENTIAL" shall be disclosed, other than by the Designating Party or Parties, only as follows:

    a. to counsel of record for the parties in this action and such counsel's support staff;

    b. to any party to this action, or present or former employee of such party to whom the material is necessary to show for purposes of this action;

    c. to a bona fide outside expert, not affiliated with any party in this action or any competitor of any party to this action, and who is being consulted or retained by counsel in this litigation;

    d. to any person whose name appears on or is contained in the Item;

    e. to any witness in this action during deposition or trial;

    f. to clerical or ministerial service providers, including outside copying services and court reporters retained by a party's counsel to assist such counsel in connection with this action;

    g. to the Court, and its support personnel; and

    h. to any other person to whom the parties consent in writing, which consent shall not be unreasonably withheld.

ACKNOWLEDGMENT TO BE BOUND BY STIPULATION AND ORDER

5.      Each person to whom Confidential Material is to be made available, except for counsel of record and its support staff and authors or prior recipients of the Confidential Material, shall first acknowledge in writing that they have reviewed the terms of this Stipulation and Order and are subject to the jurisdiction of the Court in enforcing this Stipulation and Order, by executing the form Confidentiality Agreement attached hereto as Attachment A. The parties shall each maintain a list of persons executing the form Confidentiality Agreement and shall exchange such lists at the conclusion of this trial.

NO DISCLOSURE EXCEPT PURSUANT TO ORDER

6.      Confidential Material shall not be made available to any person except as authorized under this Stipulation and Order. Confidential Material shall not be used for any purpose other than the prosecution or defense of claims asserted in this action. In no event shall any person receiving Confidential Material use it for commercial or competitive purposes or make any public disclosure of its contents.

PROCEDURE FOR CHALLENGING "CONFIDENTIAL" DESIGNATIONS AND DISCLOSURES MADE THEREUNDER:

7.      In the event any party objects to the designation of Confidential Material as "CONFIDENTIAL," the objecting party shall notify the Designating Party in writing within fifteen (15) days. The parties shall then meet and confer in an effort to resolve any such dispute informally. In the event that the dispute is not resolved informally, the objecting party may apply to the Court for a ruling that the Item is not Confidential Material. The "CONFIDENTIAL" designation of any Item for which such an application is made shall be maintained until the Court rules on the application. Such a dispute shall not be grounds for delay of or refusal to permit further discovery. To the extent that the local rules of this Court or the California Rules of Court conflict with the procedures set forth herein, the rules shall prevail over this stipulation.

1 | SUBMISSION OF CONFIDENTIAL MATERIAL TO THE COURT

2 |     8.    Submission of Confidential Material to the Court shall be under seal
3 | pursuant to any applicable local or federal rules.
4 | NO ADMISSION
5 | ~~9.    This Stipulation and Order is not, and shall not be construed as an~~
6 | admission by any party that any information provided in this case and not
7 | designated CONFIDENTIAL is not proprietary or confidential information.
8 | RETURN OR DISPOSAL OF CONFIDENTIAL INFORMATION
9 |     10.    Within sixty days after termination of this case and the expiration of
10 | time for any challenges, all originals and copies of Confidential Material shall be
11 | returned to the Designating Party, or, at the direction of the Court or Designating
12 | Party, be destroyed. All extracts from Confidential Material, summaries and
13 | compilations thereof, and all written, graphic, and recorded versions of information
14 | therein shall be destroyed by each recipient of the Confidential Material so
15 | summarized, compiled or copied. Furthermore, the termination of this action shall
16 | not thereafter relieve the parties of the obligation of maintaining the confidentiality
17 | of all Confidential Material received pursuant to this Stipulation and Order. *Documents in the possession of the Court are not subject to this requirement.* /s/
18 | ADDITIONAL PROTECTION OF CONFIDENTIAL MATERIAL
19 |     11.    Nothing herein shall be deemed to preclude any party from producing
20 | Items in redacted form or from asserting, seeking or obtaining, on an appropriate
21 | showing, such additional protection as that party may deem appropriate. *The*
22 | *Court and its personnel shall not be subject to the terms*
23 | *of this agreement* /s/

Dated: November 4, 2008

~~Hon. Stephen V. Wilson~~
JEFFREY W. JOHNSON

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SOMAYA REECE, an individual, | ) Case No. CV08-01272 SVW(JWJx) |
| Plaintiff, | ) **CONFIDENTIALITY AGREEMENT** |
| v. | ) |
| CYBERFLOW SOLUTIONS, INC., a California corporation, | ) |
| Defendants. | ) |

The undersigned acknowledges receipt and review of the protective order previously entered into in this matter, understands the terms and conditions thereof, is among those "qualified" persons specified therein as entitled to review "Confidential Material," as defined therein, and agrees to be bound by the terms of such Order. Upon the termination of this action, the undersigned also agrees to cause the return of all such documents, including all copies or notes thereof, to the counsel for the party who produced such document.

Date:                                             By:_____